**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Louis Wadsworth,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Dora Schriro; et al.,<br><br>　　　　Respondents. | No. CIV 06-1652-PHX-ROS (GEE)<br><br>**REPORT AND RECOMMENDATION** |

On June 29, 2006, Jeffrey Louis Wadsworth, an inmate currently confined in the Arizona State Prison Complex in Florence, AZ, filed a pro se Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. (Petition.); [#1][1]  Before the court are the Petition for Writ of Habeas Corpus, the respondents' Answer, Wadsworth's Reply, and the respondents' Supplemental Answer.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for report and recommendation. The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the Petition for Writ of Habeas Corpus. It is time-barred.

//

//

---

[1] Clerk's record number.

<u>Summary of the Case</u>

On February 2, 2001, Wadsworth pleaded guilty pursuant to a plea agreement to one count of manslaughter and one count of aggravated assault in Maricopa County Superior Court. (Respondents' Answer, p. 2.) On March 15, 2001, the trial court sentenced Wadsworth to concurrent sentences of 15 and 6 years' imprisonment respectively. *Id.*

Wadsworth did not file a direct appeal apparently because counsel advised him that he waived this right by pleading guilty. *See* (Petition, p. 8.); ARIZ.R.CRIM.P. 17.1(e).

On June 4, 2001, Wadsworth filed notice of post-conviction relief. *Id.* When post-conviction relief counsel informed the trial court she could find no colorable issues, the trial court extended the deadline to allow Wadsworth an opportunity to file a petition pro se. *Id.*, Exhibit H. Wadsworth did not file a petition, however, and the trial court dismissed the proceeding on December 20, 2002. *Id.*

On August 12, 2004, Wadsworth filed a second notice of post-conviction relief claiming his sentence was unconstitutional pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004). (Respondents' Answer, p. 2.) The trial court dismissed the petition on August 27, 2004. *Id.* Wadsworth's petition for review was denied by the Arizona Court of Appeals on August 10, 2005. (Respondents' Supplemental Answer, Exhibit A.) The Arizona Supreme Court denied review on April 14, 2006. *Id.*, Exhibit B.

On June 29, 2006, Wadsworth filed the instant Petition for Writ of Habeas Corpus in U.S. District Court. He claims his trial counsel, appellate counsel and counsel handling his first petition for post-conviction relief were all ineffective. He further claims the trial court erred by considering stale felony priors.

In their Answer, the respondents argue the petition is time-barred. They further argue Wadsworth's claims were not exhausted and are now procedurally defaulted.

The petition should be dismissed; it is time-barred. The court does not reach the respondents' exhaustion argument.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. The petition for writ of habeas corpus must be filed within the applicable statute of limitations, or it will be dismissed. *Id.* The statute of limitations reads in pertinent part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    * * *
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Wadsworth claims his trial counsel, appellate counsel, and counsel handling his first petition for post-conviction relief were all ineffective. According to Wadsworth, trial counsel performed inadequate investigation, appellate counsel gave inaccurate information about waiver, and post-conviction relief counsel failed to find any appealable issues. He further claims the trial court erred by considering stale felony priors. These claims became ripe at different times. Nevertheless, the court need analyze only the last claim to arise – the

1  ineffective assistance of post-conviction relief counsel. If this claim is not timely, none of the
2  claims are timely.²

3  Wadsworth claims his post-conviction relief counsel was ineffective when she failed to
4  find any appealable issues. The statute of limitations for this claim is triggered on the date "the
5  factual predicate of the claim . . . could have been discovered through the exercise of due
6  diligence." *See* 28 U.S.C. § 2244 (d)(1)(D). In the absence of any allegations to the contrary,
7  the court may assume this date was December 20, 2002 – the date Wadsworth's first petition
8  for post-conviction relief was denied by the trial court. The limitation period began to run the
9  next day and expired on December 22, 2003. *Id.* (The anniversary date, December 20, 2003,
10 is a Saturday, so the limitation period expired on the next Monday. FED.R.CIV.P. 6(a).)

11 The limitation period was not renewed when Wadsworth filed his second petition for
12 post-conviction relief on August 12, 2004. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.
13 2003), *cert. denied*, 540 U.S. 924 (2003). The instant petition was filed on June 29, 2006. It
14 is time-barred and should be dismissed.

15 Wadsworth argues generally that the ineffective performance of his counsel constituted
16 an "impediment to filing" citing section 2244(d)(1)(B). He maintains his counsel gave deficient
17 advice about his right to file a direct appeal and about the issues that may properly be raised in
18 a petition for post-conviction relief. It is therefore possible that counsel formed an impediment
19 to his pursuing state remedies. Wadsworth does not, however, argue counsel mislead him as
20 to his *federal* remedies. Accordingly, counsel's performance did not constitute an "impediment
21 to filing" as the term is used in section 2244(d)(1)(B). This section therefore does not apply to
22 the instant case.

23 Wadsworth further argues the habeas corpus statute of limitations unconstitutionally
24 limits the power of the courts. Ninth Circuit precedent holds it does not. *Ferguson v.*
25 *Palmateer*, 321 F.3d 820, 822-23 (9th Cir. 2003).

---

² The court assumes arguendo that this claim is cognizable on habeas corpus. *But see, Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998), *cert. denied*, 526 U.S. 1123 (1999); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989).

## RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the petition as time-barred. [#1]

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not timely filed, the right to de novo review may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 27th day of December, 2006.

_____
Glenda E. Edmonds
United States Magistrate Judge